Robert Tauler (SBN 241964)
robert@taulersmith.com
Camrie Ventry (SBN 355853)
cventry@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Gurmit Deol*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURMIT DEOL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>BLUEGROUND US, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE CALIFORNIA TRAP AND TRACE LAW (CAL. PENAL CODE § 638.51)** |

CLASS ACTION COMPLAINT

## INTRODUCTION

1.      Defendant Blueground US, Inc. ("Defendant" or "Blueground") offers for rent "a global network of designer, furnished apartments" to digital wayfarers. However, instead of allowing a user to browse their offerings without consequence, Defendant has elected to turn ordinary browsing into a means to secretly extract data, by installing invasive third party software on its website – https://theblueground.com (the "Website") – to secretly collect data about a Website visitor's computer, location, and browsing habits.

2.      Defendant does so by configuring the Website to include code from various data companies, including companies acting as data brokers, that is so powerful it can identify and profile website visitors that have no idea they are being profiled and commoditized.

3.      Defendant's installation and use of this software without obtaining consent is a violation of the California Trap and Trace Law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

5.      Defendant is a New York corporation that provides curated, fully furnished, and equipped apartments for rentals in major cities worldwide. Defendant actively markets its products to California businesses and proprietors. It maintains ongoing business relationships with such California customers. Defendant derives substantial revenue from California-based transactions through its operation of the Website. Defendant deliberately avails itself of California's commercial privileges by operating its interactive Website infrastructure, which Defendant specifically

CLASS ACTION COMPLAINT

1

designed to engage California customers.

6. Further, Defendant specifically intended its surveillance operations to cause injury to California residents. Defendant configured its tracking systems on its Website to identify, profile, and exploit California users.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; and (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District.

## PARTIES

8. Plaintiff Gurmit Deol ("Plaintiff") is, and at all times relevant to this complaint has been, a citizen of California residing and located within the Central District of California.  Plaintiff maintains reasonable expectations of privacy when browsing websites. Defendant systematically violated these expectations through its unauthorized surveillance activities.

9. Defendant Blueground is a New York corporation that owns, operates, and/or controls https://theblueground.com (the "Website").  Through the Website, Blueground like a tech-enabled, high-end, furnished apartment rental service focused on flexible, medium-to-long-term stays.

10. Plaintiff identifies DOE Defendants 1 through 15 as unknown entities that Defendant directed and controlled to participate in implementing or maintaining Defendant's system. Plaintiff will seek leave to amend this Complaint to identify these entities when Defendant's discovery responses reveal their true names and roles.

11. Each DOE Defendant acted as Defendant's agent or employee in Defendant's implementation of the surveillance scheme described herein. Each DOE Defendant operated within the scope of its relationship with Defendant and

participated with Defendant in the common plan to unlawfully track California residents for Defendant's commercial gain.

## FACTUAL ALLEGATIONS

12.     In ordinary website browsing, certain technical exchanges occur so a browser can request and receive a page. But the identifying information at issue here is distinct. The software at issue deliberately captures and sends *additional* visitor-identifying signals to third parties so that they can determine who the visitor is (or likely is) and link that visit to an identity profile. That extraction is not required to render the Website; it is implemented to create commercial value from Website visitors. Thus, the software at issue has no functional role in delivering website content; its sole purpose is to extract visitor-identifying signals for deanonymization and profiling.

13.     In particular, Defendant has partnered with ZoomInfo, a company that operates as a data broker, but is not registered under the state database, in order to deanonymize and develop clandestine user profiles on otherwise anonymous website visitors.  Defendant has done this by installing on the Website software developed by ZoomInfo for this purpose (the "ZoomInfo Software").

14.     The ZoomInfo Software is designed to track and correlate visitors by capturing electronic impulses designed to identify them. This is accomplished through "browser fingerprinting," a process by which ZoomInfo is able to ascertain the identity of a website visitor by plotting hundreds of personal identifiers, including a user's geolocation, device information, identification and cross-referencing of malicious cookies installed on their devices, and other traits evident from a user's browser.

15.     The ZoomInfo Software causes signaling, addressing and routing information to be sent to ZoomInfo via electronic impulses emanating from the devices of visitors to the Website.

16. When a visitor device communicates with the Website (for example, OGR's name, or the URL of the Website's homepage, is typed into the address (or URL) bar at the top of a browser page), the ZoomInfo code automatically captures and processes technical device, browser, and browser network data (for example a household network) transmitted as part of that communication. These include browser type and version, information about the visitor's device and configurations thereof, referring and exit pages and URLs, page views, loads and clicks, and time and date of use.

17. The ZoomInfo code deployed on the Website further enhances traceability by deploying first-party or third-party cookies and unique session or visitor identifiers stored in the visitor's browser. These mechanisms allow Defendant and ZoomInfo to (a) recognize repeat visits even when the visitor's IP address changes; (b) link multiple visits to the same visitor or network; and (c) maintain continuity of tracking over time. This enables prospective tracking of future visits.

**Plaintiff Was Subjected to Trap and Trace Devices on the Website**

18. Plaintiff visited the Website on April 22, 2025. When Plaintiff did so, their identifying information was sent to ZoomInfo, by way of electronic impulses.

19. The purpose of this transfer of data from Defendant to ZoomInfo was for de-anonymization, profiling, targeting and ongoing browsing tracking (as described *supra*). The transfer benefitted Defendant and ZoomInfo financially.

20. On information and belief, ZoomInfo took Plaintiff's information and added the information to its profiles of Plaintiff. In turn, Defendant received other relevant data obtained by ZoomInfo regarding Plaintiff. Further, ZoomInfo can use the information regarding Plaintiff's visit to the Website to further profile Plaintiff, with the objective of monetizing this data by selling or licensing it to other entities, including law enforcement and government agencies.

21. In this regard, a recent report by the Brennan Center, a public policy

nonprofit, has explained that "government agencies may purchase personal data to further their exercise of coercive powers, including the ability to deport, arrest, incarcerate, or even use lethal force."[1]  There are recent examples of tech companies exchanging information with the federal government in ways that threaten harm to women's freedom, minority viewpoints and marginalized United States citizens or residents. For example, U.S. Immigration and Customs Enforcement (ICE) has partnered with Palantir Technologies, a Denver-based software company, to use artificial intelligence and data mining to identify, track, and deport suspected noncitizens.[2]  Another example of such government data exchange is the provision by Meta, pursuant to valid warrants, of user data such as Facebook messages, for the purpose of investigating and prosecuting state crimes related to abortion.[3]

22.    The prospect of private entities such ZoomInfo sharing data they have collected and organized into individualized profiles with government entities has increased significantly in 2025.  Columbia and Brown Universities recently agreed to turn over data about applicants and students, such as their race, grades and standardized test scores to the federal government.[4]  During this year, tech companies have complied with unprecedented demands for concessions from the federal executive branch.[5]  Further, the current federal administration has threatened

[1] https://www.brennancenter.org/our-work/research-reports/closing-data-broker-loophole

[2] https://www.americanimmigrationcouncil.org/blog/ice-immigrationos-palantir-ai-track-immigrants/.

[3] https://www.nbcnews.com/tech/tech-news/facebook-turned-chat-messages-mother-daughter-now-charged-abortion-rcna42185.

[4] *See, e.g.,* Sharon Otterman & Anemona Hartocollis, "Columbia and Brown to Disclose Admissions and Race Data in Trump Deal," (New York Times Aug. 6, 2025), found at https://www.nytimes.com/2025/08/05/nyregion/columbia-brown-admissions-trump.html.

[5] *See, e.g.,* Rob Wile & Allan Smith, "The CEO in chief: How Trump is getting what he wants from big business," (NBCNews.com Aug. 14, 2025), found at https://www.nbcnews.com/business/business-news/what-trump-involvement-major-corporations-means-us-politics-business-rcna224630.

CLASS ACTION COMPLAINT

5

retaliatory action against pharmaceutical companies that refuse to comply with demands to lower drug prices.[6] No clear legal authority exists preventing the sale or dissemination of user data by data brokers like ZoomInfo to the federal government.

23. The only purpose of the ZoomInfo Software is to identify users and then track them on the internet.

24. The ZoomInfo Software meets the definition of a "trap and trace device" under Cal. Penal Code § 638.50(c) because it captures signaling information (who the visitor is, and what they are doing) in order to identify the source of an otherwise anonymous website visit – which such visit constitutes an electronic communication.

25. There is no way for Plaintiff to learn what ZoomInfo did with Plaintiff's data, including what inferences ZoomInfo Software has gleaned from it, or when, why and to whom ZoomInfo has sold or licensed Plaintiff's data. As such, Plaintiff has been injured by Defendant's surveillance practices.

26. Plaintiff was never informed of, and therefore could not have consented to, data collection by ZoomInfo Software for mercantile purposes. Plaintiff has no way to know the scope of the injury suffered because ZoomInfo Software operates in secret and without public disclosure of their operations.

**The ZoomInfo Software on the Website is Trap and Trace Device.**

27. CIPA defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c).

---

[6] *See, e.g.,* Anna Bratulic, "In latest Trump salvo, pharma giants face 60-day ultimatum on price cuts," (First Word Pharma, July 31, 2025), found at https://firstwordpharma.com/story/5985417.

CLASS ACTION COMPLAINT

28.     The ZoomInfo Software is a process to identify the source of electronic communication by capturing electronic impulses sent out from Website users' devices and identifying dialing, routing, addressing, and signaling information about or generated by the users.  The users are never informed that the Website is collaborating with ZoomInfo to obtain the users' identifying information including telephone numbers.

29.     The ZoomInfo Software is "reasonably likely" to identify the source of electronic impulses sent from devices visiting the Website.  In fact, ZoomInfo Software is designed to meet this objective.

30.     Defendant did not obtain a court order before installing or using ZoomInfo Software on its Website.

31.     Defendant did not obtain the express or implied consent of Plaintiff to be subjected to data sharing with ZoomInfo for the purposes of de-anonymization, profiling, and targeting.

32.     Defendant is statutorily ineligible to assert consent as a defense to its illegal use of a Trap and Trace device.  Under Penal Code § 638.51(b), a consent defense is only available to a "provider of electronic or wire communication service," which Defendant is not.

33.     The California Invasion of Privacy Act ("CIPA"), California Penal Code § 630 *et seq.*, imposes civil liability and provides for statutory damages for the installation and use of trap and trace software without a court order. *Id.* §§ 637.2, 638.51; *see Moody v. C2 Educ. Sys. Inc.*, No. 2:24-CV-04249-RGK-SK, 2024 WL 3561367 (C.D. Cal. July 25, 2024) (holding that data broker software was properly alleged to be a trap and trace device because it communicates over the internet and the statutory definition of a trap and trace device expressly covers "wire communication" and "electronic communication," and is not limited to telephone lines).

## CLASS ALLEGATIONS

CLASS ACTION COMPLAINT

7

34.    Plaintiff brings this action individually and on behalf of all others similarly situation (the "Class") defined as follows:

**All persons within California whose identifying information was sent to ZoomInfo as a result of visiting the Website within the limitations period.**

35.    NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

36.    COMMONALITY: Common questions of fact and law exist as to all Class Members and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

      a.   Whether the ZoomInfo Software is a trap and trace process as defined by California law;

      b.   Whether Plaintiff and Class Members are entitled to statutory damages;

      c.   Whether Class Members are entitled to injunctive relief; and

      d.   Whether Class Members are entitled to disgorgement of unlawfully obtained data.

37.    TYPICALITY: As a person who visited Defendant's Website and whose personal information was fingerprinted and de-anonymized by the ZoomInfo Software, Plaintiff is asserting claims that are typical of the Class.

38.    ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially

adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

39.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of each Class Member is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed and address identical issues.

## **FIRST CAUSE OF ACTION**

### **Violations of California Trap and Trace Law**

### **Cal. Penal Code § 638.51 (the "California Trap and Trace Law")**

40.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

41.    The California Trap and Trace Law provides that "a person may not install or use…a trap and trace device without first obtaining a court order…."  Cal. Penal Code § 638.51(a).

42.    A "trap and trace device" is defined as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."  *Id.* § 638.50(c).

43.    The ZoomInfo Software as deployed on the Website, constitutes a trap and trace device under Cal. Penal Code § 638.50(c).  The ZoomInfo Software is designed to identify the source of the electronic and wire communications sent from the devices of users in California visiting the Website in violation of the California Trap and Trace Law.

44.    Defendant did not obtain a court order before using or the ZoomInfo Software on the Website.  Defendant also did not obtain consent from Plaintiff or

any of the Class Members before using trap and trace technology, including the ZoomInfo Software, to identify visitors to its Website.

45.    CIPA imposes civil liability including statutory damages for violations of the California Trap and Trace Law. Cal. Penal Code § 637.2; *see also C2 Educ. Sys. Inc.*, 2024 WL 3561367.

### PRAYER

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel;

2.    An order that data unlawfully obtained by Defendant's deployment of a trap and trace device be disgorged;

3.    An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

4.    Statutory damages pursuant to CIPA;

5.    Reasonable attorneys' fees and costs; and

6.    All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

DATED: February 25, 2026            TAULER SMITH LLP


By:    */s/ Rober Tauler*
       Rober Tauler, Esq.
       *Attorneys for Plaintiff*
       *Gurmit Deol*

CLASS ACTION COMPLAINT

10

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED: February 25, 2026          TAULER SMITH LLP


                                   By:    */s/ Rober Tauler*
                                          Rober Tauler, Esq.
                                          *Attorneys for Plaintiff*
                                          *Gurmit Deol*